UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| EASTWYND APARTMENTS et al,<br><br>Plaintiff,<br><br>v.<br><br>R.S.,<br><br>Defendant. | CASE NO. 3:26-cv-05769-DGE<br><br>ORDER DENYING MOTION FOR RECONSIDERATION (DKT. NO. 9) |

On July 10, 2026, Defendant moved to dismiss a case from the Supreme Court of Washington to this Court. (Dkt. No. 1.) Defendant filed a deficient notice of removal and was informed by the Clerk's Office on July 13, 2026 that failure to perfect the notice of removal by July 27, 2026 could "affect the status of your case, including dismissal of the action by the Court." (Dkt. No. 5.) Defendant moved for an extension of time to perfect removal on July 24, 2026 but did not perfect removal. (Dkt. No. 7.) On July 31, 2026, the Court denied Defendant's

motion for an extension of time and closed this matter. (Dkt. No. 8.)[1] Defendant now moves for reconsideration of the Court's order. (Dkt. No. 9.)

Under Local Civil Rule 7(h)(1), motions for reconsideration are disfavored, and will ordinarily be denied unless there is a showing of (a) manifest error in the ruling, or (b) facts or legal authority which could not have been brought to the attention of the court earlier, through reasonable diligence. LCR 7(h)(1). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

"[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Natraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 1041, 1046 (9th Cir. 2003).

Among other arguments, Defendant's motion for reconsideration takes issue with the Court's processes for individuals proceeding in forma pauperis (Dkt. No. 9 at 1–3), asserts the Court improperly dismissed on the merits of the issue (*id*. at 3–4), and argues the Court should have granted her motion for extension of time because courts "routinely grant extensions of time for a much longer period of time" (*id*. at 4).

However, the Court informed Defendant she needed to submit certain documents by July 27, 2026. (Dkt. No. 5.) Defendant did not submit those documents by that date. The Court then

---

[1] The Court incorrectly referred to Defendant as Plaintiff in its prior Order. The Court's analysis remains untouched by this error.

closed this matter finding Defendant "fail[ed] to identify any basis for permitting her additional time on top of the time she has already been granted to file a proper notice of removal." (*See* Dkt. No. 8.) Defendant does not identify any manifest error by the Court in denying her motion for extension of time and closing this matter.[2]

Accordingly, Defendant's motion for reconsideration (Dkt. No. 9) is DENIED.

Dated this 12th day of August, 2026.

David G. Estudillo
United States District Judge

[2] Moreover, as the Court identified, Defendant may initiate the removal process by filing the proper documents in a new filing. (*See* Dkt. No. 8 at 3.) Put another way, Defendant is not prejudiced by being required to file a new notice of removal that attaches all documents necessary to perfect removal.